UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

SEAN RODNEY ORTH,

        Plaintiff,

vs.

PHILLIP DUFFY, et al.,

        Defendants.

Case No. 2:21-cv-01988-GMN-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 6); MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 15)

Pro se plaintiff Sean Rodney Orth filed an application to proceed in forma pauperis (IFP). ECF No. 1. I deny Orth's IFP application without prejudice. I also deny his motions for leave to file an amended complaint without prejudice, with leave to refile. ECF Nos. 6 and 15.

## D<span style="font-variant:small-caps">iscussion</span>

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d

1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated. ECF No. 1. Plaintiff left portions of his IFP application blank. For example, question one states that if the answer is "no" the inmate must provide more information under "part 1b": plaintiff checked "no" to question one but left part 1b blank. *Id*. at 1. Plaintiffs' application to proceed in forma pauperis is denied without prejudice. Since I deny plaintiff's IFP application, I do not screen his complaint now. Plaintiff also filed multiple motions to file an amended complaint, so it is unclear which proposed amended complaint the plaintiff wishes the Court to screen. Since I deny his IFP application, I also deny his motions for leave to file an amended complaint without prejudice, with leave to refile.

ACCORDINGLY,

I ORDER that Orth's application to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice.

I FURTHER ORDER that Orth has until Friday, May 20, 2022, to file an updated IFP application or pay the filing fee. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

I FURTHER ORDER that Orth's motions for leave to file an amended complaint (ECF Nos. 6 and 15) are DENIED without prejudice.

I FURTHER ORDER that Orth has until Friday, May 20, 2022, to file a new proposed amended complaint for screening.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 20th day of April 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE