UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SEAN RODNEY ORTH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PHILLIP DUFFY, et al.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01988-GMN-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 22); MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 24) |

I previously denied incarcerated pro se plaintiff Sean Rodney Orth application to proceed in forma pauperis (IFP) and his motions to amend without prejudice. ECF No. 20. Plaintiff has now filed a new IFP application and a new motion for leave to amend. ECF Nos. 22 and 24. I grant plaintiff's IFP application and grant his motion for leave to amend. ECF Nos. 22 and 24. After screening his proposed amended complaint attached to his motion to amend (ECF No. 24-1), I dismiss his amended complaint without prejudice, with leave to refile.

## DISCUSSION

**I.　　Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the

entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated. ECF No. 1. Plaintiff has now submitted a complete IFP application. ECF No. 22. Plaintiff should have filed an updated certified trust account statement with his new IFP application, but I will review his previously filed account statement here. See ECF No. 3. Plaintiff states that he has no sources of income and answered all the question in the application. ECF No. 22. I grant his application to proceed IFP.

 II. **Whether Plaintiff's Complaint States a Plausible Claim**

 a. **Legal Standard**

Because I grant plaintiff's IFP application, I must review plaintiff's proposed complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's

decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

### b. Plaintiff's Amended Complaint

Judge Navarro previously denied plaintiff's motion for a preliminary injunction in this case because he, "failed to exhaust all administrative remedies as to his two claims for medical care and access to the law library." ECF No. 19 at 3. Plaintiff's amended complaint is handwritten in sloppy handwriting and is difficult to follow. It appears that he alleges that on October 28, 2020, defendant, "Jessie Caracciolo called police to claim that plaintiff was at her door with a firearm." ECF No. 24-1 at 7. Plaintiff alleges that, "[a]ll defendants knew prior to stopping plaintiff that Jessie Caracciolo was not a

trustworthy informant…" *Id*. Plaintiff alleges that officers with City of Henderson Police Department (HPD) stopped his car and that he surrendered. *Id.* at 8. Plaintiff alleges that all the defendant officers then, "punched, kicked, [handwriting illegible] limbs, beat plaintiff severely, injuring plaintiff's left knee and spine, neck, cause (sic) lacerations and bruising about the face, head and body, causing serious pain, to this day, limiting plaintiff's movements and abilities, it hurts to lay down for long periods, plaintiff suffers migraines, [handwriting illegible] from the attack." *Id*. at 8. Plaintiff brings civil rights claims pursuant to 42 U.S.C. Section 1983 for excessive force and cruel and unusual punishment against defendants Phillip Duffy, B. Brink, J. Hehn, Mower, Ashley Mangan, Alex Nelson, Karl Lippisch, Kevin Lapeer, Dennis Ozawa, Louis Polanco, Jessie Caracciolo, and Warden High. *Id.*

### c. The Younger Doctrine

The United States Supreme Court has found that absent extraordinary circumstances, federal courts must not interfere with pending state criminal prosecutions, even if the civil litigant alleges violations of his constitutional rights. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Pursuant to the Younger abstention doctrine federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). "*Younger* principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and that the correct disposition is to defer – not to dismiss – when damages are at issue." *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004). The United States Supreme Court has specifically addressed false arrest claims finding that, "[i]f a plaintiff files a false-arrest claim before he has been convicted… it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case…is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Once the state proceeding has run its course, the Court can decide whether the damages action should

4

proceed. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, [*Heck v. Humphrey*, 512 U.S. 477, (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394.

Plaintiff is currently incarcerated, but it is not clear from his complaint whether any criminal charges related to the arrest he describes are pending against him. Plaintiff seeks monetary damages related to what he says happened during his arrest. I dismiss plaintiff's complaint without prejudice with leave to refile. If he amends, he must show whether the criminal charges related to his arrest have been resolved or are still pending.

### d.  Plaintiff's Excessive Force Claim

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Berry v. Reno Police Dep't,* No. 3:18-cv-00558-MMD-WGC, 2021 U.S. Dist. LEXIS 132768, at 6 (D. Nev. July 15, 2021), citing to *Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 1868 (1989). To determine whether the use of force by a law enforcement officer was excessive, a court must assess whether it was objectively reasonable "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id*. at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 396 (internal quotation marks omitted). The Court must consider: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id*.; see also *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001). While these factors act as guidelines, "there are no per se rules in the Fourth Amendment excessive force context." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

While plaintiff's allegations, taken as true, sound severe, plaintiff has failed to draft a complaint that gives each defendant fair notice of plaintiff's claims and the grounds upon which they rest per Rule 8. For example, plaintiff lists dozens of individual defendants, but he does not specify which individual defendants are the officers he accuses. He also names Jessie Caracciolo, an alleged informant who reported that plaintiff had a gun, as a defendant. He brings his excessive force claim against all the defendants, including potentially this informant, who is not an officer. I dismiss this claim.

### e. Cruel and Unusual Punishment

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend VIII. A claim for violation of the Eighth Amendment prohibition against cruel and unusual punishment for excessive force used during an arrest is unavailing because "[t]he Eighth Amendment does not apply until after there has been an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). Plaintiff alleges that the police subjected him to cruel and unusual punishment during the course of his arrest. Since plaintiff had not yet been found guilty at the time of his arrest, he cannot bring a claim pursuant to the Eighth Amendment. I dismiss this claim.

### f. Conclusion

Since plaintiff is pro se, I will give him a chance to file an amended complaint. I also note that plaintiff has filed dozens of duplicative actions in this Court. I warn plaintiff that his behavior in this Court is bordering on vexatious.[1]

ACCORDINGLY,

I ORDER that Orth's application to proceed in forma pauperis (ECF No. 22) is GRANTED.

---

[1] A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

I FURTHER ORDER that plaintiff's motion for leave to amend (ECF No. 24) is GRANTED.

I FURTHER ORDER that plaintiff's amended complaint (ECF No. 24-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that Orth has until June 17, 2022, to file to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

I FURTHER ORDER that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of Sean Rodney Orth #96723 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

I FURTHER ORDER the Clerk of the Court to send a copy of this order to the Finance Division of the Clerk's Office.

I FURTHER ORDER the Clerk of the Court to send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in

adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 18th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE