# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

SEAN RODNEY ORTH,

        Plaintiff,

vs.

PHILLIP DUFFY, et al.,

        Defendants.

Case No. 2:21-cv-01988-GMN-VCF

**REPORT AND RECOMMENDATION**

**-And-**

**ORDER**

MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 29)

I previously screened plaintiff's amended complaint and dismissed it without prejudice, with leave to refile. ECF No. 27. Plaintiff has now filed a new motion to amend with a proposed amended complaint attached. ECF No. 29. Since I already granted plaintiff leave to file an amended complaint, I deny his motion to amend as unnecessary. I screen his amended complaint. 28 U.S.C. § 1915(e)(2)(B). I recommend that this case be dismissed.

For brevity I will not repeat my entire analysis here, but I dismissed plaintiff's previous amended complaint for multiple reasons: (1) per the *Younger* doctrine, it was not clear whether any criminal charges related to the arrest were still pending against him, (2) for not complying with Rule 8 regarding his excessive force claim, and (3) because the Eighth Amendment does not apply until after there has been an adjudication of guilt. See my previous Order for details at ECF No. 27.

Plaintiff's instant amended complaint is nearly identical, if not identical, to the previous amended complaint that I screened. Plaintiff's handwriting is difficult to read but looking at the complaints side-by-side, it is difficult to tell if the complaints look identical because he copied this complaint by hand or if the complaints are one in the same. Plaintiff has not, however, addressed <u>any</u> of the issues I raised in my screening order in this amended complaint. I recommend that plaintiff's case be dismissed.

I also note that plaintiff declared under penalty of perjury in the amended complaint that he has not filed any other lawsuits while incarcerated. See 29-1 at 20. As I referenced in my previous order, plaintiff has, in fact, filed dozens of lawsuits in this Court, which are a matter of public record. I find that plaintiff's sworn statement here is, without a doubt, untruthful. While I do not recommend specific sanctions against plaintiff now, I <u>again</u> warn plaintiff that his behavior in this Court is bordering on vexatious.[1]

ACCORDINGLY,

I RECOMMEND that this action be DISMISSED and Judgment entered.

I ORDER that plaintiff's motion to amend (ECF No. 29) is DENIED as unnecessary.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

---

[1] A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 1st day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE