UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SEAN RODNEY ORTH,<br><br>    Plaintiff,<br><br>vs.<br><br>PHILLIP DUFFY, et al.,<br><br>    Defendants. | Case No. 2:21-cv-01988-GMN-VCF<br><br>**Report and Recommendation**<br><br>**And**<br><br>**Order**<br><br>AMENDED COMPLAINT (ECF NO. 38) |

Pro se plaintiff Sean Rodney Orth filed an amended complaint (ECF No. 38). I recommend that plaintiff's amended complaint be dismissed.

**I.   Background**

I previously screened plaintiff's amended complaint and dismissed it without prejudice, with leave to refile. ECF No. 27. For brevity I will not repeat the legal standard and my entire analysis here, but I dismissed plaintiff's previous amended complaint for multiple reasons: (1) per the Younger doctrine, it was not clear whether any criminal charges related to the arrest were still pending against him, (2) for not complying with Rule 8 regarding his excessive force claim, and (3) because the Eighth Amendment does not apply until after there has been an adjudication of guilt. See my previous Order for details at ECF No. 27. I gave plaintiff until June 17, 2022 to file an amended complaint that complied with my order. *Id.* On May 25, 2022, plaintiff filed an amended complaint. ECF No. 29. On June 1,

2022, I screened his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and I recommended that his case be dismissed. ECF No. 30. Plaintiff filed an objection. ECF No. 32. Judge Navarro rejected my report and recommendation, finding that I, "entered the R&R prematurely" because I "entered the R&R sixteen days before the deadline." ECF No. 36. Judge Navarro remanded the case back to me "to provide additional time for Plaintiff to file an amended complaint addressing the deficiencies noted in the Magistrate Judge's Order." ECF No. 36. On January 3, 2023, I ordered the plaintiff to file yet another amended complaint on or before February 17, 2023. ECF No. 37. On February 9, 2023, plaintiff filed an amended complaint. ECF No. 38.

## II. Whether Plaintiff's Amended Complaint States a Plausible Claim

Plaintiff's handwriting is difficult to read, but he alleges in the instant complaint that on October 28, 2020, defendant Jessie Caracciolo called the police and reported "false information" that plaintiff had a gun. ECF No. 38 at 4-5. He also claims that Caracciolo changed her story and told dispatch that she never saw the gun." Regardless, dispatch still falsely advised the police that a "firearm was outstanding." *Id.* at 5. Plaintiff states that he laid on the ground "in surrender" and the defendant officers jumped on his back and sat on his head. *Id.* Plaintiff alleges that defendant Nelson punched him three to four times in the back of the skull. *Id.* Plaintiff alleges that Mangan sat on plaintiff's head, holding it on the ground, while defendant Nelson continued to beat plaintiff. *Id.* Plaintiff alleges that the other defendants stood by and watched and/or also hit plaintiff. *Id.* In plaintiff's amended complaint, he brings Section 1983 claims against dozens of defendants for excessive force in violation of the Fourth Amendment, the "torts of assault, battery and intentional infliction of emotional distress," cruel and unusual punishment in violation of the Eighth Amendment (regarding his arrest and medical indifference), and false imprisonment. *Id.*

### a. Younger Doctrine

2

Although plaintiff does not address whether any criminal charges related to the arrest were still pending against him per the Younger doctrine (as I analyzed in my previous order) plaintiff did attach a letter from the parole board that states that he has been convicted of a new felony while on parole, and that he entered a plea of guilty to the new felony charge. ECF No. 38 at 33. Construing plaintiff's complaint liberally with the attached letter, I find that plaintiff has shown that the criminal charges related to his arrest are no longer pending. *Id.*

      b. **Whether Plaintiff Has Stated a Section 1983 Claims Against the Defendants**

42 U.S.C.S. Section 1983 creates a cause of action against a person who, acting under the color of state law, deprives a person of their constitutional rights. The section "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under Section 1983, the plaintiff must allege "(1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (quotation omitted).

      c. **Excessive Force with Assault and Battery**

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395-97, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Whether the use of force by a law enforcement officer was objectively reasonable must be assessed "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quotations omitted). The court must consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the

officers or others; and (3) whether the plaintiff actively resisted arrest. *Id.*; see also *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001). While the Graham factors are guidelines, "there are no per se rules in the Fourth Amendment excessive force context" and the court may examine the totality of the circumstances. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir.2011) (en banc).

"Like an excessive force claim, battery and assault claims against police officers also require proof of unreasonable force." *J.D.H. v. Las Vegas Metro. Police Dep't*, No. 2:13-cv-01300-APG-NJK, 2014 U.S. Dist. LEXIS 105965, 2014 WL 3809131, at 7 (D. Nev Aug. 1, 2014). "The standard for common-law assault and battery by a police officer thus mirrors the federal civil rights law standard…" *Ramirez v. City of Reno*, 925 F. Supp. 681, 691 (D. Nev. 1996).

The first two factors probably weigh against the plaintiff, since the police believed that he showed up to the alleged victim's house with a gun. The crime at issue is apparently related to a firearm. It was probably reasonable for the police to restrain plaintiff if they believed he had a firearm and posed an immediate threat to the safety of officers and others. The third factor weighs in plaintiff's favor, since he alleges that he surrendered and laid on the ground, and that the police punched and beat him while he was on the ground. Looking at the totality of the circumstances, the plaintiff has probably plausibly alleged an excessive force claim, at this stage, since he alleges that the officers punched and beat him after he surrendered and while he was restrained. His allegations also meet the Rule 8 plausibility standard since he gives specific details, for example, which officer punched him, when it happened, and how it happened. Regarding the rest of the defendants, since he alleges that an officer sat on his head with his face to the ground, that appears to explain why he does not know which other officers beat him. Since the standard for assault and battery is the same as excessive force in the civil rights context, these claims can proceed.

       **d. Intentional Infliction of Emotional Distress**

To establish a cause of action for intentional infliction of emotional distress (IIED), the plaintiff must establish the following: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiffs having suffered severe or extreme emotional distress; and (3) actual or proximate causation. *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 92 (Nev. 1981). "[E]xtreme and outrageous conduct is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24, 26 (Nev. 1998) (quoting California Book of Approved Jury Instructions No. 12.74).

Plaintiff's claim for IIED is buried within his first claim for excessive force and his Eighth Amendment claim. Although plaintiff alleges that he suffered physical injuries, he does not allege that he suffered emotional injuries other than to mention IIED. For example, he does not allege whether he suffered extreme humiliation, mental anguish and physical and mental distress as a proximate cause. Plaintiff's IIED claim does not give fair notice under Rule 8 and should be dismissed.

### e. Cruel and Unusual Punishment in Violation of The Eighth Amendment Regarding His Arrest and Medical Indifference

The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. amend. VIII. A prisoner suffers cruel and unusual punishment when prison officials act with deliberate indifference to the prisoner's serious medical need. See, e.g., *Edmo v. Corizon, Inc.*, 935 F.3d 757, 766 (9th Cir. 2019) (per curiam). For a prison official to act with deliberate indifference to a serious medical need, the prison official must knowingly disregard an excessive risk to a prisoner's health. *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). This requires the prisoner to show "that the course of treatment the [prison official] chose was medically unacceptable under the circumstances and that the [prison official] chose this course in conscious disregard of an excessive risk to the [prisoner's] health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks

omitted).

Only claims arising "after conviction and sentence" are subject to Eighth Amendment scrutiny. Id. at 393 & n.6 (citing *Ingraham v. Wright*, 430 U.S. 651, 671, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977)); *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001). Claims arising before or during a warrantless arrest must be analyzed under the Fourth Amendment's "objective reasonableness" standards. *Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

To the extent that plaintiff alleges his arrest constituted "cruel and unusual punishment" in violation of the Eighth Amendment, he fails to state a claim upon which relief can be granted. because "[t]he Eighth Amendment does not apply until after there has been an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).

Regarding plaintiff's medical indifference claim, he alleges that on December 27, 2021, he injured his right hand and elbow, and reported it to prison officials. These injuries occurred a year after his arrest and appear to be unrelated to any injuries he may have suffered during his arrest. These allegations appear to concern a new set of facts, so plaintiff may not precluded from filing a new complaint, including potentially new defendants, if his injuries are unrelated to the arrest. Regardless, plaintiff does not specify how he received these injuries, so his allegations do not meet the notice requirements of Rule 8. I recommend that this claim be dismissed.

### f. False Imprisonment

Plaintiff apparently pled guilty to his charges, but he brings a 42 U.S.C. § 1983 claim for false imprisonment because he alleges that the police received false information that he had a gun, which apparently violates his civil rights. Plaintiff does not have standing to bring a § 1983 claim for his false imprisonment because plaintiff states that he is still incarcerated because of this false imprisonment. Any claim by a prisoner attacking the fact or duration of his custody pursuant to a criminal conviction or

sentence must be brought by way of a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Plaintiff's claims challenge the validity of his confinement, and thus he fails to state a § 1983 claim against the defendants. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that plaintiff file a habeas corpus petition and an in forma pauperis application in a new action, meaning he may not file the petition for habeas corpus in this action. Plaintiff fails to state a claim for false imprisonment. I recommend that this claim be dismissed.

Since I am ordering that some claims are plausible and recommending that other claims be dismissed, I sua sponte order that this case be stayed pending Judge Navarro's decision on my report and recommendation.

ACCORDINGLY,

I ORDER that plaintiff's complaint may proceed on his excessive force and assault and battery claims only.

I RECOMMEND that plaintiff's claims for false imprisonment, intentional infliction of emotional distress, and violation of the Eighth Amendment's Cruel and Unusual Punishment clause regarding his arrest and medical indifference be DISMISSED.

I FURTHER ORDER that this case is STAYED pending further order from this Court.

I FURTHER ORDER the Clerk of the Court is directed **NOT** to issue summons on the instant complaint pending further order from this Court.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 24th day of March 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE