1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

5

6

7

8

| | |
|---|---|
| SEAN RODNEY ORTH, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:21-cv-01988-GMN-VCF |
| vs. | ) |
| | ) **ORDER ADOPTING IN PART AND** |
| PHILLIP DUFFY, *et al*., | ) **REJECTING IN PART R&R** |
| | ) |
| Defendants. | ) |
| | ) |

9

10

11

12

Pending before the Court is Plaintiff Sean Rodney Orth's ("Plaintiff's") Objection, (ECF No. 40), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 39), recommending that certain claims be dismissed. Defendants Phillip Duffy, *et al*. (collectively, "Defendants") filed a Response, (ECF No. 42).[1]

13

Also pending before the Court is Defendants' Motion to Extend Time, (ECF No. 41).

14

15

16

For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Objection, **GRANTS** Defendants' Motion to Extend Time,[2] and **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's R&R.

17

# I.    BACKGROUND

18

19

20

This case arises out of the police officer Defendants' allegedly unlawful search and seizure of Plaintiff and the Nevada Department of Corrections Defendants' alleged deliberative indifference to Plaintiff's medical needs. (*See generally* Second Am. Compl. ("SAC"), ECF

21

22

23

24

25

---

[1] Plaintiff also filed a Reply, (ECF No. 45), without leave from the Court. Under this Court's local rules concerning objections to magistrate judge orders, "Replies will be allowed only with leave of the court." LR IB 3-1(a). Accordingly, the Court STRIKES Plaintiff's reply. Moreover, even if the Court did not strike the Reply, nothing in it alters the Court's decision.

[2] Plaintiff did not respond to Defendants' Motion to Extend Time. "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." D. Nev. LR 7-2(d). Accordingly, the Court GRANTS the Motion to Extend Time as unopposed, *nunc pro tunc*.

No.38).[3]  The Magistrate Judge has twice now screened Plaintiff's complaint. (*See* R&Rs, ECF Nos. 30, 39).  In the R&R presently before the Court, the Magistrate Judge ordered that Plaintiff's Second Amended Complaint ("SAC") may proceed on his Excessive Force and Assault and Battery claims only, and recommended dismissal of Plaintiff's claims for False Imprisonment, Intentional Infliction of Emotional Distress, and Cruel and Unusual Punishment. Plaintiff objects to this recommendation. (Obj., ECF No. 40).

## II.    LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. L.R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. D. Nev. R. IB 3-2(b).

Because Plaintiff is incarcerated, the Magistrate Judge screened the SAC under 28 U.S.C. § 1915A.  During the screening process, courts dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Courts apply the Federal Rule of Civil Procedure 12(b)(6) standard when determining whether a complaint states a claim upon which relief can be granted.  Under the Rule 12(b)(6) standard, a pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

///

///

---

[3] The Court incorporates the background information of Plaintiff's claims from its previous Orders, (ECF Nos. 19, 36).

# III.    DISCUSSION

The Magistrate Judge recommends dismissing Plaintiff's claims for (1) Intentional Infliction of Emotional Distress, (2) Cruel and Unusual Punishment, and (3) False Imprisonment.  The Court addresses each claim in turn.

## A. Intentional Infliction of Emotional Distress

To establish a cause of action for intentional infliction of emotional distress (IIED), the plaintiff must establish the following: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981).  "[E]xtreme and outrageous conduct is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quoting Cal. Book of Approved Jury Instructions No. 12.74).

The Magistrate Judge recommends dismissing Plaintiff's claim for IIED because he "does not allege that he suffered emotional injuries other than to mention IIED.  For example, he does not allege whether he suffered extreme humiliation, mental anguish and physical and mental distress as a proximate cause." (R&R 5:9–11).  In his Objection, Plaintiff simply quotes his SAC, which alleges that "Plaintiff fears and has extreme anxiety over quality of life in the future, loss of employment options and retaliation for filing this lawsuit." (Obj. 4:10–13,) (quoting SAC ¶ 6, ECF No. 38).  Additionally, Plaintiff asserts that his SAC alleges that his "anxiety and fear is not just related to the pain and injury but to the adverse effect on Plaintiff's future employment options that will require disclosure of the injury and/or disability related to it." (*Id.* 5:9–12) (quoting SAC ¶ 36).  Although, as Plaintiff highlights, his SAC did contain references to emotional injuries, the Court agrees with the Magistrate Judge that Plaintiff's conclusory allegations do not give fair notice under Rule 8 and should be dismissed.  Mere

recitation of emotional injuries without alleging proximate causation or extreme and outrageous conduct is insufficient to state a claim under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555. The Court ADOPTS the R&R to DISMISS Plaintiff's IIED claim.

**B. Cruel and Unusual Punishment**

The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. amend. VIII. A prisoner suffers cruel and unusual punishment when prison officials act with deliberate indifference to the prisoner's serious medical need. *See, e.g.*, *Edmo v. Corizon, Inc.*, 935 F.3d 757, 766 (9th Cir. 2019) (per curiam). For a prison official to act with deliberate indifference to a serious medical need, the prison official must knowingly disregard an excessive risk to a prisoner's health. *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). This requires a plaintiff to show "that the course of treatment the [defendants] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks omitted) (quoting *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012), *overruled by Peralta*, 744 F.3d 1076).

Only claims arising "after conviction and sentence" are subject to Eighth Amendment scrutiny. *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989)). Claims arising before or during a warrantless arrest must be analyzed under the Fourth Amendment's "objective reasonableness" standards. *Graham*, 490 at 388.

To the extent Plaintiff alleges his arrest constituted cruel and unusual punishment, the Court ADOPTS the R&R and DISMISSES such claim with prejudice because the Eighth Amendment does not apply until after there has been an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). But the Magistrate Judge also recommends dismissing Plaintiff's claims for cruel and unusual punishment arising from the prison official Defendants' alleged

deliberate indifference to Plaintiff's hand and elbow injuries ostensibly sustained while he was incarcerated. (R&R 6:11–18).  The Court REJECTS the R&R regarding this claim.

The SAC alleges that "Plaintiff was not prescribed pain medicine, splint, wrap, ice or anything by Defendant Doctor Bernales and never saw him or medical staff to attend to the [hand and elbow injuries] any time soon." (SAC ¶ 27).  Even though "plaintiff does not specify how he received these injuries," (R&R 6:16–17), the underlying cause of a medical need is not an element of an Eighth Amendment claim for deliberate indifference.  The Court finds that Plaintiff sufficiently alleged that (1) he had a serious medical need in the form of a shattered hand; and (2) Defendants were deliberately indifferent to his injuries by failing to provide adequate medical care after Plaintiff informed them of his injuries. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (explaining two-prong test for deliberate indifference to medical need).

The Magistrate Judge correctly notes, however, that Plaintiff's hand and elbow injuries "occurred a year after his arrest and appear to be unrelated to any injuries he may have suffered during his arrest." (R&R 6:12–13).  The Magistrate Judge further contends that Plaintiff may not be precluded from filing a new complaint.  The Court agrees with the Magistrate Judge that these injuries should have been filed as a separate lawsuit against the NDOC Defendants.  Nonetheless, in light of Plaintiff's status as a pro se litigant and to avoid his claims being time-barred as the end of the statutory period of limitations draws near, the Court will permit Plaintiff's inartful pleading to proceed at this stage.  After all, Plaintiff has alleged all the elements for a deliberate indifference claim.  Accordingly, Plaintiff's claim for cruel and unusual punishment arising from Defendants' alleged deliberate indifference to his hand and elbow injuries while he was incarcerated may proceed, and the Court REJECTS the R&R to the extent it recommends otherwise.

///

**C. False Imprisonment**

Plaintiff's claim for false imprisonment challenges High Desert State Prison's authority to confine Plaintiff. (SAC ¶¶ 14–26). Any claim by a prisoner attacking the fact or duration of his custody pursuant to a criminal conviction or sentence must be brought by way of a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, the Court ADOPTS the R&R and DISMISSES this claim with prejudice.

**D. Leave to Amend**

The Court dismissed Plaintiff's False Imprisonment claim and Eighth Amendment claim arising from his arrest with prejudice and without leave to amend because amendment would be futile. The Court also declines to grant leave to amend Plaintiff's IIED claim. Plaintiff has had numerous opportunities to amend his complaint, and the Magistrate Judge has now screened the complaint multiple times. (*See* R&R 1:18–2:8). Permitting Plaintiff to amend his complaint yet again would cause undue delay and prejudice to Defendants. Accordingly, Plaintiff does not have leave to amend the claims dismissed in this order. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

///
///
///
///
///
///
///
///
///
///

IV.    **CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 39), is **ADOPTED in part and REJECTED in part**.

**IT IS FURTHER ORDERED** that the Objection to the Magistrate Judge's R&R, (ECF No. 40), is **GRANTED in part and DENIED in part**.

The following claims may proceed: (1) Excessive Force; (2) Assault; (3) Battery; and (4) Cruel and Unusual Punishment arising from Defendants' alleged indifference to Plaintiff's hand and elbow injuries while incarcerated.

The following claims are **DISMISSED without leave to amend**: (1) Intentional Infliction of Emotional Distress; (2) Cruel and Unusual Punishment arising from Plaintiff's arrest; and (3) False Imprisonment.

**IT IS FURTHER ORDERED** that the Motion to Extend Time, (ECF No. 41), is **GRANTED**.

Dated this __2__ day of November, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court