# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

Sean Rodney Orth,

        Plaintiff,

vs.

Phillip Duffy et al.,

        Defendants.

Case No. 2:21-cv-01988-GMN-MDC

**Order**

    Judge Navarro previously adopted and rejected Judge Ferenbach's report and recommendation in part and denied plaintiff's motion for reconsideration. ECF Nos. 49 and 54. I now issue an order regarding service of plaintiff's complaint so that he can pursue his remaining claims per Judge Navarro's orders. *Id.*

    The plaintiff is responsible for serving a copy of the complaint with the summons within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1). The court must order that service be made by a United States marshal if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). Local Rule IA 3-1 requires that a pro se party immediately file, with the court, written notification of any change of mailing addresses, email addresses, telephone number, or facsimile number. LR IA 3-1. Failure to do so may result in the dismissal of the action, entry of default judgement, or other sanctions. *Id.* Per LR IA 3-1, plaintiff must provide updated contact information.

    Plaintiff is an incarcerated litigant proceeding in forma pauperis, the U.S. Marshals service will assist plaintiff with service of his complaint, with a copy of Judge Navarro's screening order. I also note that the docket shows that there have been repeated returned mail, marked as undeliverable. ECF Nos. 55, 56, and 57.  Judge Ferenbach previously ordered that, "[p]ursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address."

ACCORDINGLY,

I ORDER that plaintiff has until **February 21, 2024** to notify the Court of his current contact information.

I FURTHER ORDER that the Clerk of Court is directed to add the Nevada Department of Corrections to the docket as an interested party and electronically serve a copy of this order, the screening order (ECF No. 49), and a copy of plaintiff's second amended complaint (ECF No. 38) on the Office of the Attorney General by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

I FURTHER ORDER that, subject to the findings of the screening order (ECF No. 38), the Attorney General's Office will advise the Court and plaintiff, within **21 days** of the date of the entry of this order, of (a) the names of the defendants from whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General cannot accept service, it will file, under seal, but will not serve the inmate Orth the last known address(es) of those defendants for whom it has such information. If the last known address is post-office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

If service cannot be accepted for any of the named defendants, the Court will address the matter at the status conference.

If the Attorney General's Office accepts service of process for any named defendants, such defendants will file and serve an answer or other response to the second amended complaint (ECF No. 38), subject to the screening order (ECF No. 49) within **60 days** from the date of this order.

I will issue further orders, if necessary, regarding service by U.S. Marshals depending on the

Office of the Attorney General's response.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 23rd day of January 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge