AARON D. FORD
  Attorney General
MARAY GARAY (Bar No. 15550)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3788 (phone)
(702) 486-3773 (fax)
Email: mgaray@ag.nv.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SEAN RODNEY ORTH,<br><br>    Plaintiff,<br><br>v.<br><br>DUFFY, *et.al.*,<br><br>    Defendants. | Case No. 2:21-cv-01988-GMN-MDC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br>**[ECF No. 38]**<br><br>**Jury Trial Demanded** |

Defendants Calvin Johnson, Julie Williams, and Wilson Bernales, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Mayra Garay, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby demands a jury trial and answers Plaintiff's Complaint as follows:

### A.     JURISDICTION

1. In answering paragraph 1 on page 1 of Plaintiff's complaint, the responding Defendants admit that Plaintiff was housed at High Desert State Prison (HDSP). Defendants deny that any violation occurred against Plaintiff at HDSP. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

### B. DEFENDANTS

2. In answering paragraph 1 on page 3 of Plaintiff's complaint, the responding Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

3. In answering paragraph 2 on page 3 of Plaintiff's complaint, listing several unidentified John Does as defendants, the responding Defendants are without sufficient knowledge or information form a belief about the truth of the allegations, and therefore deny the allegations on that basis.

4. In answering paragraph 3 on page 3 of Plaintiff's complaint, the responding Defendants admit that Dr. Wilson Bernales and Dr. David Rivas are doctors employed by the Nevada Department of Corrections (NDOC). Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

5. In answering paragraph 4 on page 3 of Plaintiff's complaint, the responding Defendants admit that Calvin Johnson was formerly employed by NDOC as Warden for HDSP and that Julie Williams is currently employed by NDOC as an Associate Warden at HDSP. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

### C. NATURE OF THE CASE

6. In answering the paragraph labeled "Nature of the Case" on page 2 of Plaintiff's complaint, the responding Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

### D. CAUSES OF ACTION

*Claim I*

7. In answering the allegations contained on pages 5 and 6 of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a

belief about the truth of the remaining allegations contained on these pages, and therefore denies all other allegations made on these pages.

### *Claim II*

8. The allegations contained on pages 7 through 9 of Plaintiff's complaint do not warrant a response as this claim was dismissed with prejudice by the Court's Screening Order. ECF No. 49 at 4. To the extent that these allegations support Plaintiff's claim for medical deliberate indifference to his hand injury, Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

### *Claim III*

9. The allegations contained on pages 10 through 17 of Plaintiff's complaint do not warrant a response as this claim was dismissed with prejudice by the Court's Screening Order. ECF 49 at 6.

### *Claim IV*

10. In answering the unnumbered paragraph, on page 18, of Plaintiff's complaint, the responding Defendants respond that this paragraph sets forth legal conclusions to which no response is necessary, and on this basis denies the same.

11. In answering paragraph 26 on page 18 of Plaintiff's complaint, the responding Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

12. In answering paragraph 27 on page 18 of Plaintiff's complaint, the responding Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

13. In answering paragraph 28 on page 19 of Plaintiff's complaint, the responding Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

14. In answering paragraph 29 on page 19 of Plaintiff's complaint, the responding Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

15. In answering paragraph 30 on page 20 of Plaintiff's complaint, the responding Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

16. Paragraph 31 on page 20 of Plaintiff's complaint sets forth legal conclusions to which no response is necessary, and on this basis responding Defendants deny the same. To the extent this paragraph sets forth factual allegations, Defendants respond that they are without sufficient information to form a belief as to the truth of these allegations and, therefore, deny the same.

17. Paragraph 32 on pages 20 and 21 of Plaintiff's complaint sets forth legal conclusions to which no response is necessary, and on this basis responding Defendants deny the same. To the extent this paragraph sets forth factual allegations, Defendants respond that they are without sufficient information to form a belief as to the truth of these allegations and, therefore, deny the same.

18. Paragraph 33 on page 21 of Plaintiff's complaint sets forth legal conclusions to which no response is necessary, and on this basis responding Defendants deny the same. To the extent this paragraph sets forth factual allegations, Defendants respond that they are without sufficient information to form a belief as to the truth of these allegations and, therefore, deny the same.

19. In answering paragraphs 34 and 35 on page 22, of Plaintiff's complaint, the responding Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

20. In answering paragraph 36 on pages 22 and 23 of Plaintiff's complaint, the responding Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and, therefore, deny the same.

### E. PREVIOUS LAWSUITS

21. In answering paragraphs 1-3 on pages 27 of the Complaint, the Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in these paragraphs, and therefore deny each and every allegation made in these paragraphs.

### F. REQUESTS FOR RELIEF

22. Defendants deny that Plaintiff is entitled to any of the relief set forth in his Request for Relief on pages 24 through 26 of the Complaint.

23. Each and every allegation in the Complaint not specifically admitted is hereby denied.

### **DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendants deny any and all liability in this matter and asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Plaintiff has failed to state a cognizable constitutional claim pursuant to 28 U.S.C. § 242, 28 U.S.C. § 1343 (a)(3), 42 U.S.C. §1983, and/or NRS 41.0322, 441A.220 and NRS 209.885.

3. At all times mentioned in Plaintiff's Complaint, Defendants did not personally participate in any of the alleged violations and/or was neither the cause-in-fact nor the proximate cause of Plaintiff's damages, if any.

4. Defendants are not legally responsible for the actions and/or omissions of other third parties.

5. Defendants are entitled to qualified immunity.

6. Defendants are entitled to discretionary act immunity.

7. Plaintiff's claims are barred pursuant to the doctrine of sovereign immunity and the Eleventh Amendment of the United States Constitution.

8. Plaintiff's claims are barred as Plaintiff has failed, refused, or neglected to take reasonable steps to mitigate his damages, therefore barring or diminishing his ability to recover.

9. Plaintiff failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act, NRS 41.0322 and/or NRS 209.243, and NDOC Administrative Regulation (AR) 740.

10. Defendants held an objective good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

11. There can be no recovery for damages under 42 U.S.C. § 1983 against government officials acting in their official capacity.

12. Defendants at all relevant times acted with due care and circumspection in the performance of their duties.

13. Plaintiff's claims for relief are barred as Plaintiff's damages are speculative and cannot be calculated with any certainty or reliability.

14. Defendants are not the direct or proximate cause of the alleged constitutional deprivations or tortious actions as alleged.

15. Defendants are immune from liability pursuant to Nevada Revised Statutes §§ 41.031- 41.032 *et. seq*.

16. Defendants at all relevant times acted in good faith toward Plaintiff and possessed a good faith belief that they were acting reasonably, and that their actions were privileged and legally justified, and Defendants are entitled to qualified good faith immunity from damages.

17. Plaintiff is barred from seeking punitive damages pursuant to Nevada law.

18. Plaintiff is barred from seeking an award of attorney fees pursuant to 42 U.S.C. § 1988 and § 1998.

19. Each purported claim for relief is barred by the doctrines of res judicata and/or collateral estoppel.

20. Each purported claim for relief is barred as Plaintiff is estopped from pursuing any claim against Defendants in accordance with equitable principles of jurisprudence.

21. Plaintiff's claims for relief are barred by the applicable statute of limitations.

22. Each purported claim for relief is barred as Defendants are not legally responsible for the actions and/or omissions of third parties, including but not limited to other named or Doe Defendants.

23. Each purported claim for relief is barred pursuant to the doctrine of unclean hands.

24. Plaintiff's claims, or parts thereof, are barred due to the fact there is no causation between the alleged facts and the damages sought in the Complaint.

25. Plaintiff is barred from receiving Court costs arising under 42 USC 1988 and 1997e.

26. Plaintiff is not entitled to prejudgment interest from the date of filing of his initial Complaint.

27. Plaintiff has failed to provide for any cognizable damages.

28. Plaintiff's claims are barred, all or in part, because Defendants did not breach any duty owed to Plaintiff.

29. Plaintiff's claims are barred, all or in part, due to a failure to satisfy a condition precedent.

30. Plaintiff's claims are barred because, at all relevant times, Defendants acted in accordance with applicable law and prison procedures.

31. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available. In the event further investigation or discovery reveals the applicability of any additional defenses, including but not limited to those affirmative defenses identified in Rule 8 of the Nevada Rules of Civil Procedure, Defendants reserve the right to amend this Answer to specifically assert such additional affirmative defenses.

## **DEFENDANTS' PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray for judgment and relief of this Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. That Plaintiff take nothing by virtue of his Complaint;
3. For Defendants' attorneys' fees and costs of suit;
4. A jury trial is demanded; and
5. For such other relief as this Court may deem just and proper.

DATED this 25th day of March, 2024.

    AARON D. FORD
    Attorney General

By: */s/ Mayra Garay*
    MAYRA GARAY (Bar No. 15550)
    Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on March 25, 2024, I electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada to the following:

Sean Rodney Orth
1001 N. 4th Street
Las Vegas, Nevada 89101
*Plaintiff, Pro Se*

/s/ Andrea Beckett
ANDREA BECKETT, Employee of the
Office of the Nevada Attorney General