**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SEAN RODNEY ORTH,  )
  )
              Plaintiff,  )  Case No.: 2:21-cv-01988-GMN-VCF
  vs.  )
  )  **ORDER DENYING MOTIONS FOR**
PHILLIP DUFFY, *et al.*,  )  **RECONSIDERATION**
  )
             Defendants.  )
  )

      Pending before the Court are Plaintiff Sean Rodney Orth's Motions for Reconsideration, (ECF Nos. 62, 65). Defendants Phillip Duffy, *et al*. filed a Response, (ECF No. 72).

      Plaintiff seeks reconsideration of the Court's Order, (ECF No. 49), adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation, (ECF No. 39). Specifically, Plaintiff argues that his Eighth Amendment claim for deliberate indifference to his serious medical need should not have been dismissed. The Court did not dismiss this claim in its entirety. Although the Court dismissed Plaintiff's Eighth Amendment claim to the extent he bases his claim on his arrest, the Court rejected the Magistrate Judge's recommendation to dismiss the claim in its entirety because Plaintiff also alleged that Defendants were deliberately indifferent to Plaintiff's hand and elbow injuries while he was incarcerated. (Order 4:21–5:24). This claim may proceed.

      Plaintiff contends that the Court should not have dismissed his Eighth Amendment claim based on his arrest either. The Court declines to reconsider its decision on this issue. The Ninth Circuit has limited the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Plaintiff has not identified any reason for reconsideration. The Court will nonetheless clarify for Plaintiff why his Eighth Amendment claim based on his arrest and detention following his arrest cannot proceed. Only claims arising "after conviction and sentence" are subject to Eighth Amendment scrutiny. *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989)). That is, the Eighth Amendment does not apply to claims arising from an arrest or pretrial detention. Indeed, the Ninth Circuit considers individuals accused of a probation violation to be pretrial detainees not subject to the Eighth Amendment, even though individuals on probation have been found guilty of an earlier crime. *See Hanington v. Multnomah Cnty.*, 593 F. Supp. 3d 1022, 1032 (D. Or. 2022), *appeal dismissed sub nom. Hanington v. Cnty. of Multnomah*, No. 22-35282, 2023 WL 6585898 (9th Cir. June 2, 2023) (citing *Ressy v. King Cnty.*, 520 F. Appx 554, 555 (9th Cir. 2013)). Therefore, even though Plaintiff was out on parole when he was arrested and detained, allegations surrounding this arrest and pretrial detention are not subject to the Eighth Amendment, and an Eighth Amendment claim based on those events cannot proceed.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motions for Reconsideration, (ECF Nos. 62, 65), are **DENIED**.

Dated this __2__ day of April, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court