C. BENJAMIN SCROGGINS
Nevada Bar No. 7902
**THE LAW FIRM OF**
**C. BENJAMIN SCROGGINS, CHTD.**
302 East Carson Avenue, 10th Floor
Las Vegas, NV 89101
(702) 328-5550 (phone)
(702) 442-8660 (fax)
Email: info@cbscrogginslaw.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN RODNEY ORTH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PHILLIP DUFFY, ET. AL.,<br><br>　　　　Defendants. | Case No.: 2:21-cv-01988-GMN-MDC<br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY**<br>**(SECOND REQUEST)** |

Plaintiff, Sean Rodney Orth, ("Plaintiff"), through his attorney, C. Benjamin Scroggins, Esq. of The Law Firm of C. Benjamin Scroggins, and Defendants, Calvin Johnson, Julie Williams, Dr. Wilson Bernales, and Dr. David Rivas, (Collectively "NDOC Defendants") by and through counsel, Aaron D. Ford, Esq., Nevada and Mayra Garay, Deputy Attorney General, of the State of Nevada, Office of Attorney General; Defendants, Phillip Duffy, Paul Baldino, Brent Bowler, Ashley Mangan, and Alex Nelson (collectively "Henderson Police Defendants") by and through counsel, Nichloas G. Vaskov, Henderson City Attorney, Brandon P. Kemble, Assistant City Attorney, and Brian R. Reeve, Assistant City Attorney, respectfully submit the following Stipulation to extend discovery deadlines (second request.)

**I.　MEETING**

　　a.　C. BENJAMIN SCROGGINS, ESQ. of The Law Firm of C. Benjamin Scroggins, Chtd., representing Plaintiff; and

　　b.　MAYRA GARAY, Deputy Attorney General, of The Office of Nevada Attorney General, representing Defendants, Calvin Johnson, Julie Williams, Dr. Wilson Bernales, Dr. David

Rivas;

c. BRANDON KEMBLE, Assistant City of Henderson City Attorney, representing Phillip Duffy, Paul Baldino, Brent Bowler, Ashley Mangan, and Alex Nelson;

d. Counsel met and conferred on or about March 5, 2025, concerning the request to extend discovery deadlines.

## II. INITIAL DISCLOSURES

a. Plaintiffs' and Defendants' discovery is ongoing and continuing to supplement. As per LR 26-3, to date only disclosures have been provided.

## III. LOCAL RULE 26-3 REQUIREMENTS

**a. Discovery Completed**

Both Plaintiff and Defendants Counsel have exchanged only their disclosures to date.

**b. Discovery Plan/Deadlines**

　　i. Written Discovery

　　　　1. Interrogatories

　　　　2. Request for Production of Documents

　　　　3. Request for Admissions

　　　　4. Depositions

　　ii. Experts

　　　　1. Medical Experts

**c. Reasons Remaining Discovery was not Completed**

This extension will not prejudice any party and will ensure that all parties have adequate time to complete necessary discovery in light of unfortunate circumstances. This is the SECOND request for an extension of the discovery deadlines in this matter. The first Stipulation and Order extending discovery deadlines in this case was filed on November 7, 2024. Shortly thereafter, Plaintiff's counsel's mother was placed into hospice care due to sudden complications with cancer. On November 27, 2024, Plaintiff's counsel's mother died. On November 29, 2024, Plaintiff's counsel learned that a tenant of his had died while out of the country. Plaintiff's counsel spent much of December and part of January arranging for his mother's funeral and dealing with her estate. At the same time, Plaintiff's counsel had

to work with his tenant's family to arrange for the disposition of his belongings.

On February 2, 2025, Plaintiff's counsel's Legal Assistant, Kelly Jarvi, was attacked by a dog and suffered severe injuries to her Achilles tendon. She was required to miss several weeks of work and may still require surgery. Since Ms. Jarvi is Plaintiff's counsel's only employee, her absence has greatly impacted Plaintiff's counsel's workflow and it has created a backlog of deadlines.

### d. Proposed Schedule for Completing Remaining Discovery

Federal Rule of Civil Procedure 16(b)(4) allows for modification of a scheduling order for good cause. Good cause is set forth below. The parties have conferred and stipulate to the following proposed extension of discovery deadlines:

|  | **Current Deadline Date** | **Proposed Deadline Date** |
| --- | --- | --- |
| Discovery Cut-Off | April 6, 2025 | **September 8, 2025** |
| Expert Disclosures | February 5, 2025 | **July 7, 2025** |
| Rebuttal Disclosures |  | **August 8, 2025** |
| Dispositive Motions | May 6, 2025 | **October 8, 2025** |

### IV.   GOOD CAUSE AND EXCUSABLE NEGLECT

This extension will not prejudice any party and will ensure that all parties have adequate time to complete necessary discovery in light of unfortunate circumstances. This is the SECOND request for an extension of the discovery deadlines in this matter. The first Stipulation and Order extending discovery deadlines in this case was filed on November 7, 2024. Shortly thereafter, Plaintiff's counsel's mother was placed into hospice care due to sudden complications with cancer. On November 27, 2024, Plaintiff's counsel's mother died. On November 29, 2024, Plaintiff's counsel learned that a tenant of his had died while out of the country. Plaintiff's counsel spent much of December and part of January arranging for his mother's funeral and dealing with her estate. At the same time, Plaintiff's counsel had to work with his tenant's family to arrange for the disposition of his belongings.

On February 2, 2025, Plaintiff's counsel's Legal Assistant, Kelly Jarvi, was attacked by a dog and suffered severe injuries to her Achilles tendon. She was required to miss several weeks of work and may still require surgery. Since Ms. Jarvi is Plaintiff's counsel's only employee, her absence has greatly

impacted Plaintiff's counsel's workflow and it has created a backlog of deadlines.

The parties contend that good cause exists to extend discovery. The current discovery deadlines could have been reasonably been met but for the unforeseeable personal circumstances of Plaintiff's counsel and his assistant.

## V. OTHER ISSUES

### a. Alternative Dispute Resolution

The parties believe that this case might be appropriate for a mediation or settlement conference. However, there is much discovery to be obtained and reviewed before such efforts would be meaningful.

By entering into this stipulation, none of the parties waive any rights or defenses they have under statute, law, or rule with respect to Plaintiff's complaint.

DATED this 12th day of March, 2025.

**THE LAW FIRM OF**
**C. BENJAMIN SCROGGINS, CHTD.**

*C. Ben Scroggins*
_____
C. BENJAMIN SCROGGINS, ESQ.
Nevada Bar No. 7902

*Attorney for Plaintiff*

DATED this 12th day of March, 2025.

Nicholas Vaskov
**Henderson City Attorney**

*Brandon P. Kemble*
_____
BRANDON P. KEMBLE
*Assistant Henderson City Attorney*
Nevada Bar No. 11175

*Attorneys for City of Henderson Defendants*

DATED this 12th day of March, 2025.

Aaron D. Ford
**Attorney General**

*Maray Garay*
_____
MARAY GARAY, ESQ.
*Deputy Attorney General*
Nevada Bar No. 15550

*Attorney for State Defendants*

### ORDER

The deadline for the joint pretrial order is 30 days after the dispositive-motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. In the future, stipulations must include the judicial signature block on the same page as the last substantive matter, per LR IA 6-2

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Date: 3/14/2025

Page 4 of 5