**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sean Rodney Orth,<br>Plaintiff,<br>vs.<br>Phillip Duffy, *et al.*,<br>Defendants. | Case No. 2:21-cv-01988-GMN-MDC<br>**ORDER RE: MOTIONS (ECF NOS. 136, 137, 141, 142)** |

*Pro se* plaintiff filed a *Motion for Court Order Directing Clerk to Provide a Copy* ("First Copy Motion") (ECF No. 136), *Motion for Court Order Requiring Plaintiff Receive Adequate Writing Materials* ("Receive Motion") (ECF No. 137), *Motion for Leave of Court to Modify the Scheduling Order* ("Scheduling Motion") (ECF No. 141), and *Motion for Court Order to Receive a Copy* ("Second Copy Motion") (ECF No. 142) (collectively "Motions"). The Court **GRANTS** in part and **DENIES** in part the First Copy Motion and Scheduling Motion, **DENIES** the Receive Motion, and **DENIES** Second Copy Motion as moot. The Court's reasoning is as follows.

## I. BACKGROUND

Plaintiff alleges claims against defendant arising out of his former incarceration at High Desert State Prison. On April 16, 2026, the Court granted plaintiff's request to proceed *pro se* in this case and directed defendants to produce all discovery and communications between them and plaintiff's former counsel. *ECF No. 128*. Plaintiff subsequently filed the Motions at issue here. *ECF Nos. 136*, *137*, *141*, *142*. The Court also directed the Clerk of Court to unseal the First Copy Motion because plaintiff did not explain why he filed it *ex parte* and to give defendants a chance to respond. *ECF No. 138*.

## II. FIRST AND SECOND COPY MOTIONS

In his First Copy Motion, plaintiff requests for the Court to direct the Clerk of Court to provide him with "a copy of the docket and any pleadings filed by previous counsel." *ECF No. 136*. Plaintiff

explains that his previous counsel passed away and that he is trying to understand if his pleadings in this case have been amended. *Id.*

An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). "[The Court] cannot provide free copies even to indigent plaintiffs proceeding *in forma pauperis* as the relevant statute, 28 U.S.C. § 1915, does not authorize the court to pay the costs for an indigent litigant's copy requests." *Welch v. Liggett*, No. 2:19-cv-01243-APG-NJK, 2020 WL 6930101, *2 (D. Nev. November 24, 2020); *see Peck v. Minev*, No. 2:21-cv-01865-APG-EJY, 2022 WL 19795810, *1 (D. Nev. April 1, 2022). Moreover, defendants Phillip Duffy, Paul Baldino, Brent Bowler, Ashley Mangan, and Alex Nelson ("Henderson defendants") filed a Notice (ECF No. 145) stating that they sent plaintiff a docket sheet from August 27, 2026 and his operative Third Amended Complaint filed by his former counsel. The Court will thus direct the Clerk of the Court to send plaintiff a courtesy copy of the current docket sheet. However, the Court otherwise denies his First Copy Motion.[1]

If plaintiff seeks further copies of the docket sheet or any filings in this case, he must pay for them. Specifically, plaintiff may obtain copies of the documents in this case by sending a request to the Clerk's Office for the Court alongside sending payment of applicable photocopying rate of 50¢ per page. *See* Local Rule IC 1-1(i)(5) (paper copies of filed documents may be obtained from the Clerk's Office after payment of copying fees); Fee Schedule, available on the Court's website at https://www.nvd.uscourts.gov/court-information/fee-schedule/; *Augborne v. Malone*, No. 2:24-cv-00769-GMN-BNW, 2026 WL 1497556 (D. Nev. May 27, 2026).[2] The Clerk's Office's address is 333 Las Vegas Blvd South, Las Vegas, NV 89101.

---

[1] Plaintiff's Third Amended Complaint was also the only pleading in this case filed by his former counsel.

[2] Pursuant to 28 U.S.C. § 1914, the Judicial Conference has adopted a schedule of fees for copying and related services provided by the United States Courts. A fee of 50¢ per page is charged for court staff to reproduce any record or paper filed in a case.

Plaintiff's Second Copy Motion where he requests for a copy of the docket sheet and Third Amended Complaint is also denied as moot.

**III. RECEIVE MOTION**

Plaintiff seeks to have the Court order Clark County Detention Center ("CCDC") to provide him with adequate envelopes and paper to pursue this case, and to extend the Discovery Deadline in this case by 60 days. *ECF No. 137*. He claims that CCDC is denying him access to the courts because it provides him "three legal envelopes and one pad of paper per month" and he requires more materials to properly pursue this case. *Id.* at 4.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of this right, a prisoner must establish that he or she has suffered an actual injury. *Id.* An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. The right to access involves a "right to bring to court a grievance that the inmate wished to present" and does not compel the State to "enable the prisoner to discover grievances, [or] to litigate effectively once in court." *See id.* at 354. "The burden is on Plaintiff to show that he has been denied necessary supplies." *Cox v. Neven*, No. 2:11-cv-103-KJD-RJJ, 2011 WL 3875336, at *1 (D. Nev. August 31, 2011).

Plaintiff argues that he needs more envelopes and paper to file and serve documents in this case. *ECF No. 137*. While the Court is sympathetic to plaintiff's situation, he has not established that CCDC has denied him access to the courts or stated why he cannot otherwise purchase such items from the commissary. While plaintiff claims that his inmate account has no money, he provides no proof of his current inmate account balance or that he lacks the means to earn or receive money in his account. CCDC is only required to "provide the basic supplies which ensures that the prisoner's access to the courts is meaningful…and does not "have an obligation to provide unnecessary amenities," such as extra

envelopes or paper. *Cox*, 2011 WL 3875336, at *1 (quoting *Phillips v. Hust*, 588 F.3d 652, 656–57 (9th Cir. 2009) (internal quotation marks omitted).

Plaintiff has been able to bring this case to the Court and also states that he was able to file a separate habeas corpus action where he has prepared an "actual innocence petition." *ECF No. 137* at 3. Plaintiff being able to file and pursue multiple cases shows that he has not been denied access to the courts. *See Lewis*, 518 U.S. at 354. Therefore, the Court denies his request to order CCDC to provide him with more envelopes and paper for this case.

## IV. SCHEDULING MOTION

Plaintiff requests to extend all the pending Discovery and Pretrial deadlines in this case, and also requests for an extension to the Amend Pleadings Deadline. *See ECF No. 141*. Plaintiff filed his Scheduling Motion on August 14, 2026, before the August 28, 2026, Discovery Deadline but after the July 28, 2026, Amend Pleadings Deadline. He seems to argue that he only received the Scheduling Order (ECF No. 132) when defendants served him a copy at around late July 2026 and that he has faced difficulties in pursuing this case while incarcerated at CCDC. *See id.* Defendants Calvin Johnson, Julie Williams, Dr. Wilson Bernales, and Dr. David Rivas construe plaintiff's Scheduling Motion as a request to extend the discovery deadline and do not oppose such an extension. *ECF No. 144*. Henderson defendants oppose any extensions in this case. *ECF No. 143*.

The Court has already extended the Dispositive Motion Deadline in this case to November 27, 2026. *ECF No. 151*. Given all the foregoing, the Court liberally construes plaintiff's Scheduling Motion to be requesting an extension of Discovery and other pending Pretrial deadlines to align with the recently extended Dispositive Motion Deadline. The Court finds that plaintiff has shown good cause for such an extension. The following pre-trial and discovery deadlines apply in this case:

Discovery Cut-Off: November 2, 2026

Dispositive Motions Deadline: November 27, 2026

Joint Pretrial Order Deadline: December 28, 2026.

The Court denies plaintiff's request to extend the Amend Pleadings Deadline without prejudice. Plaintiff does not advance any particular argument for amending the pleadings. Defendants produced to plaintiff all prior communications and documents exchanged with plaintiff's former counsel as of May 2026. *ECF No. 133*. This case has been pending for almost five years and Henderson defendants have already filed a *Motion for Summary Judgement* (ECF No. 149) as to plaintiff's operative Third Amended Complaint. For plaintiff to attempt to amend his complaint, he must file a "Motion for Leave to File Amended Complaint" in which he must explain why good cause exists under Federal Rule of Civil Procedure ("Rule") 16 and excusable neglect exists under Local Rule 26-3 to extend the Amend Pleadings Deadline. Moreover, he must attach his proposed amended complaint as an exhibit to such a motion and otherwise comply with Local Rule 15-1.

Plaintiff should note that complaints cannot be amended to add unrelated claims or new claims that occurred after the original complaint. *See e.g., Hill v. Marciano,* No. 20-cv-01717-JAD-DJA, 2021 WL 8016909, at *5 (D. Nev. July 30, 2021) ("Hill may not amend the complaint to add unrelated claims against other defendants or new claims or events that took place after the original complaint was filed."); *Langford v. Dzurenda*, No. 19-cv-00010-RCJ-WGC, 2020 WL 1815824, at *1 (D. Nev. Apr. 9, 2020) ("Plaintiff does <u>not</u> have leave to include in the amended complaint any unrelated claims against other defendants, and an amended complaint may <u>not</u> include any allegations concerning events that have transpired since he filed his original complaint.") (emphasis in original); *Wilcox v. Portfolio Recovery Assocs., LLC*, No. 20-cv-01545-JAD-NJK, 2022 WL 1908863, at *3 (D. Nev. June 3, 2022) ("The Wilcoxes may not amend the complaint to add unrelated claims against other defendants, replead claims that were previously dismissed with prejudice, or include new claims based on events that have taken place since the original complaint was filed.").

//

//

## V. PLAINTIFF'S ADDRESS LISTED ON THE DOCKET

The Court notes that plaintiff's address currently listed on the docket seems to be different from the mailing address he used for his last filing in this case at ECF No. 146. Therefore, the Court orders plaintiff to file a Notice of Change of Address or clarify if he receives mail at his currently listed address on the docket by **October 29, 2026**.

**ACCORDINGLY,**

**IT IS ORDERED** that:

1. Plaintiff's *Motion for Court Order Directing Clerk to Provide a Copy* (ECF No. 136) is **GRANTED** in part and **DENIED** in part. The Clerk of the Court is directed to send plaintiff a courtesy copy of the current docket sheet for this case. If plaintiff would like further copies of the docket sheet or any filings in this case, he must pay for them as stated in this Order.
2. Plaintiff's *Motion for Court Order Requiring Plaintiff Receive Adequate Writing Materials* (ECF No. 137) is **DENIED**.
3. Plaintiff's *Motion for Leave of Court to Modify the Scheduling Order* (ECF No. 141) is **GRANTED** in part and **DENIED** in part. The pending Discovery and Pretrial deadlines in this case are extended as stated in this Order. Plaintiff's request to extend the Amend Pleadings Deadline is denied without prejudice.
4. Plaintiff's *Motion for Court Order to Receive a Copy* (ECF No. 142) is **DENIED** as moot.
5. Plaintiff shall file a Notice of Change of Address or clarify if he receives mail at his currently listed address on the docket by **October 29, 2026**.

DATED: September 29, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.